IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD SIGALA

      Plaintiff,

vs.                                                                                                  No. CV 16-01135 RB/JHR

DR. MARK WALDEN, CORIZON MEDICAL
HEALTHCARE, WARDEN ERASMO BRAVO,

      Defendants.

**ORDER DENYING PENDING MOTIONS**

**THIS MATTER** is before the Court on several pending motions filed by Plaintiff, Richard Sigala. The Court will deny Plaintiff Sigala's motions.

**1. Motions for Appointment of Counsel.** Plaintiff Sigala is proceeding pro se and *in forma* pauperis on civil rights claims brought under 42 U.S.C. § 1983. First, Sigala has filed a Motion for Appointment of Counsel (Doc. 6), a Pro Se Motion for Appointment of Counsel (Doc. 14) and a Motion for Appointment of Counsel (Doc. 32). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be

representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motions for appointment of counsel.

    **2.** ***In Forma Pauperis*** **Motions.** Plaintiff has also filed a Motion to Excuse Filing Fee Payments (Doc. 8) and a Motion to Proceed *In Forma Pauperis* (Doc. 35). In his Motion to Excuse Filing Fee Payments, Sigala seeks to be entirely relieved of the obligation to pay the $350 filing fee for this action, claiming that he cannot pay the fee even in installment payments. Plaintiff Sigala has already been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). (Doc. 4.) Section 1915(b) expressly states "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, ***the prisoner shall be required to pay the full amount of a filing fee***." 28 U.S.C. § 1915(b)(1) (emphasis added). The Court does not have discretion to waive the $350 filing fee under §1915(b).

    Sigala contends that he has insufficient funds to pay the filing fee in installment payments. (Doc. 8.) However, § 1915(b) further provides:

> "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid in full."

28 U.S.C. § 1915(b)(2). Plaintiff Sigala has paid the initial partial filing fee. He is obligated to make additional installment payments only when he has funds available in his prisoner's account exceeding $10. Because he has already been granted *in forma pauperis* status, he is only required to make the installment payments when he has available funds. The Court will, therefore, deny his Motion to Excuse Filing Fee Payments (Doc. 8.) The Court will also deny his second Motion for Leave to Proceed *In Forma Pauperis* (Doc. 35) on the grounds that he has already been granted leave and his second request is moot.

**3. Motions for Meetings and Hearings.** Plaintiff Sigala has filed a Motion for Meeting Under Rule 26(f) (Doc. 10), and a Pro Se Motion as to Case Status and Motion for Telephonic Status Hearing (Doc. 16). The Court has not completed preliminary screening of Plaintiff's Complaint under 28 U.S.C. § 1915A. Plaintiff's request for meetings and hearings are premature at this point and will be denied.

**4. Motion for Default Judgment.** In his Motion for Default Judgment (Doc. 34), Sigala seeks entry of a default judgment for damages against the Defendants. Under Fed. R. Civ. P. 55, a default judgment may be entered only when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As noted, above, Sigala has been granted leave to proceed *in forma pauperis* and, if the Complaint survives preliminary screening under § 1915A, the Court will be obligated to issue and serve all process on the Defendants. 28 U.S.C. § 1915(d). At this time the Defendants have not been served with process and, as a consequence, have not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). There is no basis for entry of a default judgment against the Defendants in this case, and the Court will deny Sigala's Motion for Default Judgment. *See id.*

**IT IS ORDERED** that Plaintiff Richard Sigala's Motion to Appointment Counsel (Doc. 6), Motion to Excuse Filing Fee Payments (Doc. 8), Motion for Meeting Under Rule 26(f) (Doc. 10), Pro Se Motion for Appointment of Counsel (Doc. 14), Pro Se Motion as to Case Status and Motion for Telephonic Status Hearing (Doc. 16), Motion for Appointment of Counsel (Doc. 32) Motion for Default Judgment (Doc. 34), and Motion to Proceed *In Forma Pauperis* (Doc. 35) are **DENIED**.

 _____
 ROBERT C. BRACK
 UNITED STATES DISTRICT JUDGE