IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD SIGALA

      Plaintiff,

vs.                                                                     No. CV 16-01135 RB/JHR

DR. MARK WALDEN, CORIZON MEDICAL
HEALTHCARE, WARDEN ERASMO BRAVO,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint filed by Plaintiff Richard Sigala on October 11, 2016 (Doc. 11). It appears on the face of the Complaint and the record that Sigala's claims are barred by the applicable state of limitations. Therefore, the Court will order Sigala to show cause why the Complaint should not be dismissed as untimely.

Sigala's Complaint is for civil rights violations under 42 U.S.C. § 1983. (Doc. 1 at 2.) Sigala also asserts state law claims for medical malpractice and rape. (Doc. 1 at 2.) Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell*, 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Harvey v. United States*, 685 F.3d 939, 949 (10th

1

Cir. 2012). State law personal injury claims in New Mexico are also governed by the § 37-1-8 three-year statute of limitations. *See Roberts v. Sw. Cmty. Health Servs.*, 837 P.2d 442 (1992).

The applicable statute of limitations for Sigala's claims under § 1983 and his state-law claims is the three-year statute of limitations of § 37-1-8. A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009). In this case, it appears on the face of the Complaint that the event giving rise to Sigala's claim occurred, and his civil rights cause of action accrued, more than three years prior to filing of the Complaint.

Sigala's Complaint alleges claims arising out of sexual assault by Corizon Healthcare provider Dr. Mark Walden in violation of Sigala's Eighth and Fourteenth Amendment constitutional rights. (Doc. 1 at 2–9.) Sigala specifically alleges that the event giving rise to his claims took place on or about August or October, 2010. (Doc. 1 at 9, 10, 11, 12, 13.)[1] In a supplemental Brief in Support of 42 U.S.C. § 1983, Sigala states that he was sexually abused by Dr. Walden on October 6, 2010, through October 21, 2010 and that "[o]n the above mentioned date, I, plaintiff reported sexual abuse by Dr. Mark Walden based on his sexual misconduct." (Doc. 36 at 1, 5.) Sigala's Complaint was not filed until October 11, 2016, more than six years after the event underlying his claims. Sigala's Complaint appears to be barred by the three-year statute of limitations of § 37-1-8. Therefore, the Court will order Sigala to show cause why the Complaint should not be dismissed as time-barred, including addressing any arguments that Sigala may have for tolling of the statute of limitations, within 30 days of entry of this Order to Show Cause.

---

[1] The Interdisciplinary Progress Notes prepared by Dr. Walden are attached to the Complaint. The notes indicate Dr. Walden saw Sigala on October 6, 2010. (Doc. 1 at 15.)

IT IS ORDERED that Plaintiff Richard Sigala shall, within 30 days of entry of this Order, show cause why his Prisoner's Civil Rights Complaint should not be dismissed as untimely under N.M.Stat.Ann. § 37-1-8 (1978).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE