**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


RICHARD SIGALA,

       Plaintiff,

vs.                                           No. CV 16-01135 RB/JHR


DR. MARK WALDEN, CORIZON MEDICAL
HEALTHCARE, WARDEN ERASMO BRAVO,

       Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint filed by Plaintiff Richard Sigala on October 11, 2016. (Doc. 1.) The Court will dismiss the Complaint as barred by the statute of limitations.

Plaintiff Richard Sigala is a prisoner in the custody of the New Mexico Corrections Department and is serving a sentence on convictions for armed robbery with a deadly weapon, first degree murder, and tampering with evidence. *See State v. Sigala*, State of New Mexico, County of Eddy, Fifth Judicial District Court No. D-503-CR-2002-00064. Sigala is proceeding pro se and *in forma pauperis.* At the time of the events giving rise to his Complaint, Sigala was incarcerated at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico. (Doc. 1 at 1–3.)

On September 24, 2010, Sigala submitted a health service request form, complaining of right-sided testicular pain. (*Id.* at 14.) On October 6, 2010, he was escorted to the medical facility and examined by Dr. Mark Walden. (*Id.* at 15.) Sigala claims:

> "During said examination, Dr. Walden went beyond the call of his duty when he performed an extensive examination by extensively fondling my penis and testicles and penetrating my anal cavity with his finger."

(Doc. 43 at 2.)  Sigala was again seen by Dr. Walden at a follow-up appointment on October 21, 2010.  (Doc. 1 at 16.)  The record does not show that Sigala had any further care from or contact with Dr. Walden after October 21, 2010.

Sigala filed an Information Complaint on July 1, 2016, and an Inmate Grievance on July 13, 2016, with the New Mexico Corrections Department, complaining of Dr. Walden's actions.  (Doc. 1 at 10–11.)  In his Inmate Grievance, Sigala states that he "did not report this incident immediately because [he] was embarrassed of the entire situation."  (*Id.* at 11.)  He then filed his Complaint in this Court on October 11, 2016.  (*See* Doc. 1.)

In his Complaint, Sigala contends that Dr. Walden's 2010 examination constituted sexual abuse in violation of his Eighth and Fourteenth Amendment rights and also constituted medical malpractice.  (Docs. 1 at 2–3; 43 at 1.)  Sigala also claims that Corizon Medical Healthcare failed to review Dr. Walden's work history prior to employing him as a physician at GCCF and that Warden Erasmo Bravo was negligent in over-seeing Dr. Walden's actions and allowing him to continue to operate at GCCF.  (Doc. 1 at 4–5.)

On September 25, 2017, the Court entered an Order to Show Cause.  (Doc. 42.)  The Court stated that "[i]t appears on the face of the Complaint and the record that Sigala's claims are barred by the applicable statute of limitations."  (*Id.* at 2.)  The Court ordered Sigala to show cause within thirty days why the Complaint should not be dismissed as untimely.  (*Id.* at 3.)  Sigala filed his Brief in Support of 42 U.S.C. § 1983, responding to the Court's show-cause Order, on October 18, 2017.  (Doc. 43).  Sigala's Brief in Support argues the merits of his

constitutional and state-law claims but does not address the timeliness issue raised by the Court's Order to Show Cause.

Sigala's Complaint is for civil rights violations under 42 U.S.C. § 1983. (Doc. 1 at 2.) Sigala also asserts state law claims for medical malpractice and rape. (*Id.*) Sigala's Complaint alleges claims arising out of sexual assault by Corizon Healthcare provider Dr. Mark Walden in violation of Sigala's Eighth and Fourteenth Amendment constitutional rights. (*Id.* at 2–9.) Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). The shorter two-year limitation period of N.M. Stat. Ann. § 41-4-15 applies to the extent Sigala is asserting state-law claims against a health care provider under the New Mexico Tort Claims Act.

Section 37-1-8 applies to Sigala's claim and bars personal injury actions "not brought within three years of accrual of the cause of action." *Maestas v. Zager*, 152 P.3d 141, 146 (N.M. 2007) (internal quotation marks and citation omitted). The cause of action accrues when "the plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Id.* (internal quotation marks and citation omitted); *Varnell*, 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Harvey v. United States*, 685 F.3d 939, 949 (10th Cir. 2012); *Bolden v. Village of Corrales*, 809 P.2d 635, 636 (N.M. Ct. App. 1990).

A pleading may be subject to dismissal when an affirmative defense, such as the statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009). In this case, it

appears on the face of the Complaint that the events giving rise to Sigala's claim occurred, and his cause of action accrued, more than three years prior to filing of the Complaint. Sigala specifically alleges that the events giving rise to his claims took place on or about August or October 2010. (Doc. 1 at 9, 10, 11, 12, 13.) [1] Sigala's Complaint was not filed until October 11, 2016, more than six years after the events underlying his claims. On the face of Sigala's Complaint, his claims are barred by the three-year statute of limitations of § 37-1-8 or the two-year statute of limitations of § 41-4-15. Absent tolling of the statute of limitations, Sigala's claims are subject to dismissal as time-barred. *Varnell*, 756 F.3d at 1212.

Questions of tolling, like the limitation period, are determined by state law in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); *Varnell*, 756 F.3d at 1212–13. Under New Mexico law, equitable tolling is a non-statutory tolling principle that provides relief in cases when exceptional circumstances beyond the plaintiff's control preclude filing suit within the statute of limitations. *See Snow v. Warren Power & Mach., Inc.*, 354 P.3d 1285, 1290 (N.M. 2015). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Slusser v. Vantage Builders, Inc.*, 306 P.3d 524, 531 (N.M. Ct. App. 2013) (internal quotation marks and citation omitted). Exceptional circumstances require that a plaintiff demonstrate "an extraordinary event beyond his or her control." *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004); *Little v. Baigas*, 390 P.3d 201, 207 (N.M. Ct. App. 2017).

Sigala appears to claim that he did not file his Complaint within the limitations period because he was "embarrassed of the entire situation." (Doc. 1 at 11.) Sigala does not

---

[1] The Interdisciplinary Progress Notes prepared by Dr. Walden are attached to the Complaint. The notes indicate Dr. Walden saw Sigala on October 6, 2010. (Doc. 1 at 15).

demonstrate that he was diligent in pursuing his rights or that any extraordinary circumstance beyond his control prevented his filing of the Complaint. There is no basis for tolling of the statute of limitations in this case and Sigala's claims are barred by the three-year or two-year statute of limitations. *Little*, 390 P.3d at 207. The Court will dismiss Sigala's Complaint as time-barred. *Jones*, 549 U.S. at 214–15.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Richard Sigala on October 11, 2016 (Doc. 1) is **DISMISSED** as barred by the statute of limitations.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE